(May 28, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER FISH, Appellant. — Appeal from a judgment of the County Court of Albany County, rendered February 23, 1979, upon a verdict convicting defendant of the crime of perjury in the first degree. There were allegations in related civil actions that defendant, then the Chief of Police of the Town of Bethlehem, and others had acted wrongfully and illegally to divert towing business from the plaintiffs Olin Bleau and Bleau's Towing Service, Inc. During the course of an examination before trial in July of 1977, defendant, having been placed under oath by a certified shorthand reporter who was a notary public, was asked if there was any policy not to call Bleau's Towing Service, whether there was an approved list of tow truck operators, and whether there was a list of tow truck operators who were not to be called. Defendant responded in the negative to each question. At the trial of the within perjury indictment, the principal evidence consisted of relevant portions of the transcript of the foregoing examination and a special order signed by defendant, dated January 10, 1972, stating that Bleau's Towing Service was not to be called for any accidents or towing jobs. Another order reciting that two other towing services would be called for designated areas of the town was also introduced, and a number of police officers who served under defendant during the period in question testified on direct examination that defendant had instituted a policy of not calling Bleau's Towing Service unless specifi-

cally requested. Moreover, an officer who had given a contrary deposition admitted at trial that his prior account was false and that he had lied at defendant's urging. Testifying in his own behalf, defendant denied all allegations and insisted there was never any "policy" not to call Bleau's; merely a temporary directive not to do so until certain complaints were resolved. The jury rejected his version and returned a verdict of guilty. On this appeal, defendant raises numerous issues, but none warrant a reversal of his conviction. A person is guilty of perjury in the first degree when he swears falsely and when his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made (Penal Law, § 210.15). Here, defendant was duly sworn by a notary public, gave testimony in a proceeding before one authorized to conduct such proceeding, and was proven to have intentionally made false statements which he did not believe to be true (Penal Law, § 210.00, subds 1, 3, 5). The materiality of that testimony was established by an expert witness, a law professor at Albany Law School, whose opinion was properly admitted to aid in the determination of an issue in dispute (Matter of General Acc. Fire & Life Assur. Corp. v Krieghbaum, 46 AD2d 713; see Richardson, Evidence [Prince, 10th ed], § 367). A careful examination of the record fails to disclose any prejudicial error committed by the Trial Judge or the prosecutor. The finding of the jury is fully supported by the proof and its determination should not be disturbed. Judgment affirmed. Sweeney, J.P., Kane, Main, Mikoll and Herlihy, JJ., concur.