■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WHITING, Appellant. — Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered October 16, 1979, convicting defendant upon his plea of guilty of two counts of the crime of criminally negligent homicide, and (2) by permission, from an order of said court, entered July 7, 1980, which denied defendant's motion to vacate the judgment of conviction. On June 30, 1979, having spent the afternoon at a graduation party where he consumed a quantity of intoxicating beverages, defendant placed himself behind the wheel of an automobile and proceeded to his home at a high rate of speed. A short distance down the road, his vehicle left the highway and struck three people, killing two of them and injuring a third. The deceased were defendant's 35-year-old uncle and 7-year-old nephew. Defendant was then 19 years of age. Indicted on July 12, 1979 for two counts of manslaughter in the second degree (Penal Law, § 125.15, subd 1) and two counts of criminally negligent homicide (Penal Law, § 125.10), he pleaded guilty to the two counts of criminally negligent homicide in full satisfaction of the indictment on September 10, 1979. Complying with defendant's request, a presentence hearing was conducted where there was offered for the court's consideration the testimony of five character witnesses, including defendant's employer. None of these witnesses was cross-examined by the People nor did the People present any rebuttal witnesses. The Probation Department's presentence report to the County Court recommended a period of probation, noting that defendant had performed well during a pretrial release program ordered by the court on July 6, 1979, after bail was posted. Nevertheless, on October 16, 1979, defendant was sentenced to two concurrent indeterminate terms of imprisonment with a maximum of four years, the maximum term authorized by law. Although other issues are raised on this appeal, we are concerned essentially with two questions: i.e., (1) did the trial court abuse its discretion in sentencing this defendant, and (2) was the sentence harsh and excessive. This court has consistently held that "[t]he imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances" (*People v Harris,* 57 AD2d 663; see, also, *People v Robinson,* 65 AD2d 896). In the exercise of that discretion the sentencing court has, by legislative enactment, the duty to consider societal protection, rehabilitation and deterrence in imposing sanctions upon an individual (Penal Law, § 1.05, subd 5; *People v Farrar,* 52 NY2d 302). In this case, the court leaned heavily on the impact that its sentence might have on others as a deterrent to future similar criminal activity. While the validity of such a concept may be argued endlessly, the fact remains that the court is authorized to consider deterrence as one of the criteria in imposing sentence. Accordingly, it is this court's function to determine if there has been an abuse of discretion in the imposition of sentence, rather than to act as a *de novo* sentencing tribunal. However, the Legislature has also granted to this court the discretionary power to reverse or modify an unduly harsh or excessive sentence in the interests of justice (CPL 470.15, subd 6, par [b]; 470.20, subd 6). There are no statutory guidelines to apply upon review of any particular sentence and none are provided that would restrict appellate review to any specific criterion; thus, appellate courts may reach a discretionary determination which is appropriate in each case. In its brief *amicus curiae,* the New York State Coalition for Criminal Justice urges the court to adopt sentencing guidelines which apply the principle of the "least drastic alterna-

tive" as a step toward eliminating inappropriate confinement of individual defendants. We decline to do so. In the present climate of legislative consideration of definite sentences, as well as numerous studies of the entire sentencing structure, we deem it inappropriate or perhaps counterproductive to become judicially active in this area. We would only note that while directed to a motion to dismiss an indictment, the Legislature, upon urging by the Court of Appeals, has adopted statutory criteria addressed to the granting of a motion in the interests of justice (see *People v Belge,* 41 NY2d 60, 62; CPL 210.40, subd 1, as amd by L 1979, ch 216, § 2). We observe that somewhat similar criteria can set the course for review of the matter at hand. Prior to this incident, defendant had an unblemished record. He was steadily employed during summer months while in high school, and has secured permanent employment and remained in that employment since graduating from high school, while simultaneously attending college courses financed by his employer, who described him as a steady, honest and hard worker, polite, efficient, and "doing a nice job". In association with his family, he was active in community affairs, evidencing a sense of responsibility and a serious approach to life's problems as a teen-ager. An objective and comprehensive presentence report to the court recommended probation. Further, this tragic incident, occurring over three years ago, will live as a constant reminder to defendant that he was the cause of the death of his uncle and his nephew. The severity of this punishment is enhanced by the demonstration of close family ties which existed between defendant and the decedents. During defendant's long period of pretrial and postsentence supervision, it has been clearly established that confinement for the purpose of rehabilitation is unnecessary in this case. Moreover, his conduct over the past three years does not indicate that he is any danger to society. There remains for consideration only deterrence as a justification for confinement. We conclude, in this case, that a less restrictive deterrent is indicated (see *People v Fuller,* 59 AD2d 971; see, also, *People v Fish,* 81 AD2d 975). Consequently, feeling as we do that society would be better served by a reduced sentence, in the exercise of our discretion and in the interests of justice, the sentence should be modified to a 60-day term of imprisonment to be served in the Albany County Jail and to a term of probation (Penal Law, § 65.00, subd 3, par [a], cl [i]), the conditions of which shall be fixed by the trial court.[*] The probationary term shall include defendant's active participation in a program designed to educate the public as to the problems associated with alcohol abuse. *Judgment modified, as a matter of discretion in the interests of justice, by reducing the sentence imposed in accordance with the terms of this decision, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith, and, as so modified, affirmed. Order entered July 7, 1980, affirmed.* Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

[*] We recognize that in applying the test of the interests of justice, there is a sensitive balance between the individual and the State which must be maintained (see *People v Clayton,* 41 AD2d 204, 208).