■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN A. JENSEN, Appellant. — Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 6, 1984, convicting defendant upon her plea of guilty of the crime of criminally negligent homicide.

Defendant's conviction arises out of an automobile accident in the Town of Colonie on March 4, 1984, in which a 16-year-old passenger in defendant's vehicle was killed. Defendant, the operator of the vehicle, was intoxicated at the time of the accident. Following defendant's plea of guilty of criminally negligent homicide, the sentencing court imposed the maximum

possible sentence of 1⅓ to 4 years in prison. This appeal is directed solely at the severity of the sentence.

The presentence report and other evidence made part of the record establish that society would be better served by a reduced sentence for this first-time offender. At the time of the accident, defendant, who was 19 years old, was a full-time student at the State University of New York at Albany, living with her mother, sister and grandmother. She also worked part time at a large department store, a job she had held for several years. Her academic achievements indicate that defendant is intelligent and industrious. Emotional problems resulting from the divorce of her parents led defendant to begin abusing marihuana and alcohol several months before the accident. Counseling proved ineffective, but upon her release from the hospital following the accident, defendant voluntarily admitted herself to a residential treatment center for young adults with a history of drug abuse. Reports from the facility reveal that, prior to sentencing, defendant had made dramatic progress and that the prognosis was favorable with continued treatment.

The accident occurred in the early morning hours, after an evening of drug abuse and alcohol abuse by a number of teenagers, including defendant, her sister and the victim. Defendant recognizes that her conduct caused the death of her friend. She also recognizes that her conduct was not only irresponsible but criminal as well, for which she must be punished. Indeed, after the sentence was imposed, defendant requested that her bail be withdrawn, whereupon she was immediately incarcerated. Defendant's remorse appears genuine, as does her willingness to participate in a program to educate other young people as to the dangers of alcohol and drug abuse.

Despite a comprehensive presentence report recommending probation, the sentencing court imposed the maximum term of imprisonment, which included a minimum period, noting the possible deterrent effect of a tough stance with respect to drunk driving. In the case of *People v Whiting* (89 AD2d 694), involving a similar crime and circumstances similar to those presented herein, this court concluded that deterrence did not justify the imposition of the maximum term of imprisonment. We reach the same conclusion herein. Consequently, believing as we do that further imprisonment is not justified, the sentence should be reduced to time already served and a period of probation, the terms of which shall be fixed by the sentencing court and shall include defendant's continued participation in the counseling program at the residential treatment facility and active participation in a program designed to educate young people as to the dangers associated with alcohol and drug abuse.

Judgment modified, as a matter of discretion in the interests of justice, by reducing the sentence imposed in accordance with the terms of this decision; matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith; and, as so modified, affirmed. Mahoney, P. J., Casey and Levine, JJ., concur; Kane and Weiss JJ., dissent and vote to affirm in the following memorandum by Kane, J.

Kane, J. (dissenting). We respectfully dissent and would affirm the judgment of conviction.

First, it appears from this record that defendant has been incarcerated since June 6, 1984. If her conduct in prison has fulfilled prior expectations, release is imminent and the contention regarding her sentence may well be moot. Second, this case is factually distinguishable from the unusual circumstances found in *People v Whiting* (89 AD2d 694). Accordingly, the decision in that case should not be relied upon to grant the relief proposed by the majority in this case. Here, the sentence imposed is within the limits of the court's discretion and is neither harsh nor excessive in this factual setting (*see, People v McAllister,* 58 AD2d 712).

However, this conclusion should not be deemed an approval of the sentencing court's apparent declaration of policy to impose the maximum sentence in every case of criminally negligent homicide resulting from a defendant's operation of a motor vehicle while intoxicated. Such an advance declaration of the sentence to be imposed violates the rule established by the Court of Appeals in *People v Farrar* (52 NY2d 302), which requires the court to exercise its discretion after careful consideration of all the facts and circumstances available *at the time of sentencing.*