■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS R. ANDREWS, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 4, 1985, convicting defendant upon his plea of guilty of the crime of criminally negligent homicide.

Upon leaving a concert on the evening of June 9, 1984, defendant, at the time a New York State correction officer, removed a gun and holster from his ankle and proceeded to remove the gun from the holster. His companion, Robert Parmlee, reached for the gun, at which point it discharged, the bullet striking Parmlee in the head and causing his death. Following plea negotiations, defendant pleaded guilty to criminally negligent homicide, a class E felony, in full satisfaction of a six-count indictment and was sentenced to the maximum prison term of 1⅓ to 4 years.

On appeal, defendant urges that the sentence he received was unduly harsh and excessive and should be modified in the interest of justice. We disagree. This court has consistently held that "[t]he imposition of the sentence rests within the sound discretion of the trial court" *(People v Harris,* 57 AD2d 663). Here, where there has been neither a clear abuse of discretion nor extraordinary circumstances, we should not interfere with that exercise of judgment. Although the sentencing court relied more heavily upon deterrent value in imposing defendant's sentence than upon societal protection and rehabilitation, it cannot be said that the court did not "perform the delicate balancing necessary to accommodate the public and private interests" in determining the appropriate sentence *(People v Farrar,* 52 NY2d 302, 306). Although defendant has a clean record and strong family ties, he was shown

considerable leniency in being allowed to plead to one count of a six-count indictment which charged him with manslaughter in the second degree, criminal possession of a weapon in the third degree, criminally negligent homicide, two counts of tampering with physical evidence and failure to report a firearm. Additionally, as an adult and a correction officer, defendant knew the dangers of carrying a loaded gun while drinking and attending a concert. In this respect, this case must be distinguished from *People v Whiting* (89 AD2d 694).

Judgment affirmed. Kane, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.