■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL MACKEY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 9, 1987, convicting defendant upon his plea of guilty of two counts of the crime of robbery in the first degree.

The sole issue on appeal is whether defendant's sentence was excessive and should be reduced in the interest of justice. On January 12, 1987, defendant entered a store in Ulster County where a 16-year-old girl was working alone as a salesclerk. When she turned her back, defendant struck her with a gun. Threatening to kill her, defendant demanded money. Defendant struck the girl again before leaving the store with $120. The following day, defendant entered a service station and asked the clerk for cigarettes. When he turned his back, defendant struck him over the head with a stick. Defendant demanded money and, when the attendant hesitated, defendant struck him repeatedly on the head until the stick broke. Defendant fled with $250. The clerk was rushed to a nearby hospital, unconscious and near death. Emergency surgery was required and, in addition to the obvious psychological scars, he continues to have many serious physiological problems.

Defendant was charged with three counts of robbery in the first degree, two counts of robbery in the second degree and one count of burglary in the second degree. Defendant subsequently pleaded guilty to two counts of robbery in the first degree in full satisfaction of the charges against him. As part of the plea, it was agreed that he would receive concurrent sentences of 7 to 25 years' imprisonment. On April 9, 1987, defendant was sentenced in compliance with the negotiated plea. This appeal ensued.

This court is vested with discretion to review the sentence imposed upon a defendant, even where the sentence was given as part of a negotiated plea (CPL 470.15 [6] [b]; *People v Thompson,* 60 NY2d 513, 519-520). However, in the absence of an abuse of discretion or extraordinary circumstances, we rarely disturb the sentence given by the sentencing court *(see, e.g., People v Andrews,* 115 AD2d 807; *People v Mabry,* 101

AD2d 961, 963). Defendant here seeks to establish extraordinary circumstances. He points to the fact that he is young and had no prior criminal record. He argues that his crimes were precipitated by drug and alcohol abuse for which he has sought counseling. Several letters attesting to defendant's good character were submitted. Relying primarily on this court's decision in *People v Jensen* (111 AD2d 986), defendant seeks to have this court reduce his sentence. Defendant, however, overlooks some crucial distinctions between this case and *Jensen*. In *Jensen*, the defendant received the maximum sentence allowable for her crime, she did not agree to the sentence as part of her plea nor was there evidence that she had numerous other charges dropped in return for her plea. Here, defendant received less than the maximum sentence for the crimes for which he pleaded guilty, he agreed to the sentence as part of his plea, and the plea arrangement resulted in several other serious charges being dropped. Also of significance is the fact that the culpable mental state in *Jensen* was criminal negligence, whereas defendant has pleaded guilty to violent offenses involving the brutal use of physical force.

Further, we do not find that defendant's self-induced drug and alcohol problems present the type of extraordinary circumstances which would justify reducing the sentences for these crimes. Defendant received the sentence which he agreed to as part of an advantageous plea bargain and neither an abuse of discretion nor extraordinary circumstances meriting reduction of the sentence has been shown. Thus, his contention that the sentence was harsh and excessive is unpersuasive (*see, People v Jewell,* 123 AD2d 463, 464, *lv denied* 68 NY2d 1001; *People v Quick,* 122 AD2d 296, 299, *lv denied* 69 NY2d 715).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.