■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. SMITH, Appellant.—Levine, J. Appeal from a

judgment of the County Court of Ulster County (Vogt, J.), rendered May 31, 1988, convicting defendant upon his plea of guilty of three counts of the crime of manslaughter in the second degree.

On January 2, 1988, defendant was driving his car after an evening of drinking with friends when he failed to obey a stop sign and collided with another car in an intersection. The car that defendant hit was occupied by four people, three of whom died as a result of the accident. Defendant's blood alcohol content was measured at .26%.

Defendant was subsequently indicted by a Grand Jury and charged with manslaughter in the second degree (three counts), vehicular manslaughter in the second degree (six counts), vehicular assault in the second degree (two counts) and operating a vehicle while under the influence of alcohol, as a felony (two counts). On May 2, 1988, defendant entered a plea of guilty to three counts of manslaughter in the second degree in satisfaction of all charges pending against him. Prior to accepting his plea, County Court informed defendant that he would probably receive the maximum sentence of 5 to 15 years' imprisonment.

At sentencing, defense counsel informed County Court that defendant began treatment for his alcoholism shortly after the accident and submitted letters from defendant's counselors which indicated that they were impressed with the progress he had made. Defendant also described the remorse he felt for the tragedy he had caused. County Court then sentenced defendant to three concurrent terms of 5 to 15 years' imprisonment and this appeal by defendant ensued.

Defendant contends that County Court abused its discretion in imposing the maximum sentence since it failed to adequately factor in defendant's remorse and efforts at rehabilitation in the sentence. In support of this contention, defendant relies on *People v Jensen* (111 AD2d 986) and *People v Whiting* (89 AD2d 694). However, both of those cases involved youthful drivers who had no prior criminal record or extensive prior experience with alcohol. In addition, defendant apparently did not gain insight into his long-standing problem with alcohol and its effect on his driving ability, despite two prior drunken driving arrests leading to convictions for driving with ability impaired. In light of the foregoing, and also the fact that three lives were lost as a result of defendant's recklessness, we do not find that County Court abused its discretion in sentencing defendant as it did.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.