■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD E. LOHNES, Appellant.—Levine, J.

Defendant was indicted on a single count of criminal possession of a controlled substance in the third degree, a class B felony. While this charge was pending, defendant sought treatment for alcoholism and drug abuse and successfully completed several programs. Defendant thereafter accepted a

plea agreement which permitted him to enter a plea of guilty to the reduced charge of criminal possession of a controlled substance in the fourth degree, a class C felony, with the understanding that he would receive a sentence of 2 to 6 years' imprisonment.

At sentencing, defense counsel asked County Court to consider imposing a more lenient sentence in light of defendant's significant progress in conquering his problems with substance abuse. Defense counsel submitted a memorandum detailing the course of treatment defendant pursued following his arrest and also a favorable report from defendant's employer. In addition, the presentence report recommended that defendant be sentenced to a six-month term of incarceration and an appropriate term of probation. County Court, however, declined to deviate from the negotiated plea agreement and this appeal by defendant ensued.

On appeal, defendant claims that County Court did not exercise its discretion in sentencing defendant because it erroneously considered itself bound to adhere to the terms of the plea agreement (citing, inter alia, *People v Terry,* 152 AD2d 822). In our view, however, the transcript of the sentencing hearing indicates that County Court recognized that it retained discretion in sentencing defendant, but chose not to deviate from the agreed upon term of imprisonment.

We also reject defendant's contention that his sentence is harsh and excessive. County Court was well aware of defendant's efforts at rehabilitation and we cannot agree that the court's decision to impose a sentence consistent with the terms of the plea agreement constituted an abuse of discretion *(see, People v Smith,* 154 AD2d 840; *People v Lewis,* 116 AD2d 778, 779).

Judgment affirmed. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.