(April 19, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONNIE AMBROSE, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered November 7, 1986, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

On February 26, 1986 defendant shot her boyfriend, Greg Wheaton, in the head with a rifle while he was asleep in the bedroom of her apartment in the City of Binghamton, Broome County. Defendant was subsequently indicted on one count of murder in the second degree and a jury trial was had. The reasons for defendant's action were sharply disputed at trial. Defendant took the stand and testified that she had been continually physically abused by Wheaton in the past and shot him because she was afraid he was going to get out of bed and hurt the couple's baby, who would not stop crying. Defendant admitted, however, that Wheaton had never previously threatened or harmed the baby and that he was asleep when she shot him. In contrast, the People presented evidence to the effect that defendant was obsessed by Wheaton and had told others that "there was no way she was going to let him leave her. She would kill him first." Accordingly, when Wheaton told defendant that he was going to move out of town without taking her and the baby, the People asserted that she allegedly deliberately shot him. Defendant was ultimately found guilty of the lesser crime of manslaughter in the first degree and sentenced to an indeterminate prison term of 5 to 15 years. This appeal by defendant followed.

The principal issue raised on appeal is defendant's contention that her sentence should be reduced in the interest of justice. However, in the absence of an abuse of discretion or extraordinary circumstances, the sentence of the sentencing

court is rarely disturbed *(see, e.g., People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899; *People v Andrews,* 115 AD2d 807). Defendant seeks to establish extraordinary circumstances by, among other things, pointing out that she has had a long history of abuse at the hands of men, a fact which she alleges contributed to her final act of shooting Wheaton under the influence of an extreme emotional disturbance *(see,* Penal Law § 125.20 [2]). Defendant also notes that she has made the most of her time in prison by attending college and receiving extensive counselling with positive results. Defendant contends that her continued incarceration is unnecessary and would not serve the interest of society.

It is our view, however, that defendant has not demonstrated circumstances extraordinary enough to justify disturbing a sentence so clearly within County Court's sound discretion. While defendant's accomplishments and successes in prison are laudable and will no doubt be viewed favorably by the Parole Board at the proper time, the fact remains that defendant was convicted after a trial of intentionally killing another person, albeit under the influence of extreme emotional disturbance. Rather than credit defendant's story that she killed Wheaton to protect her daughter, the jury instead chose to accept the proof indicating that defendant killed Wheaton because she was upset over his plans to leave her. County Court, which had the benefit of firsthand observation of the witnesses, characterized defendant's action in shooting Wheaton as an "execution", a view that is supported by the evidence. Nonetheless, County Court chose not to impose the maximum permissible sentence, 8⅓ to 25 years in prison. Therefore, we are convinced that any mitigating or extenuating circumstances were already considered and implemented by that court.

Finally, we find no error in County Court's instruction to the jury on the defense of justification *(see, People v Winslow,* 153 AD2d 965). The court correctly refused to interject certain disputed facts into the instruction and rightly left it to counsel to argue these facts in their summations. The record shows that defense counsel availed himself of every opportunity to argue the facts which he believed supported a justification defense to the jury and, therefore, defendant suffered no prejudice.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.