OPINION OF THE COURT
Joseph J. Traficanti, Jr., J.
Defendant is charged by indictment No. 27-2592 with two *574 counts of perjury in the first degree, in violation of Penal Law § 210.15. In defendant’s omnibus motion, he sought review of the Grand Jury minutes and dismissal of the indictment on the grounds that the Grand Jury proceeding was defective. Upon review of the Grand Jury minutes, this court directed the District Attorney to provide the defendant’s attorney with a copy of the Grand Jury minutes for review and further briefing by both parties of any issues they deemed relevant. Defendant now moves for a dismissal of the indictment on the grounds that the Grand Jury improperly received legal advice from a witness, in violation of CPL 190.25 (6), and defendant was unduly prejudiced during the Grand Jury proceedings by the District Attorney’s references to a prior perjury indictment.
The defendant is charged with perjury under the inconsistent statement theory as set forth in Penal Law § 210.20. The indictment charges that defendant made inconsistent statements, while under oath, during the course of two separate court proceedings. The indictment further charges these statements were material to the proceedings in which they were made. Under Penal Law §210.20, such inconsistency could lead a jury to the conclusion that one or both of the statements are false. A prior perjury indictment against defendant arising from the same statements was dismissed as defective pursuant to CPL 210.20 (1) (b).
In this Grand Jury proceeding, the District Attorney presented a law professor from a local law school as an expert witness on the issue of materiality. The professor testified that the statements made by the defendant at the trial "went to * * * prove his basic contention that he did not do the crime, and also went to affect his credibility, both of which the Court of Appeals has indicated go to the concept of materiality”. The professor also testified as to the legal relevancy of the plea allocution. He further opined that the statements made by defendant were material to the proceedings in which they were given.
During the questioning of the professor, the District Attorney referred the witness to the alleged perjurious statements by presenting him with a copy of a "proposed” indictment against defendant. The professor then remarked that the statements contained in the "proposed” indictment were "almost identical to the ones in the earlier indictment”.
The District Attorney gave the Grand Jury a limiting *575 instruction to give whatever weight, if any, they chose to the professor’s opinion on the issue of materiality since they, as the Grand Jury, were the ultimate fact finders. Regarding the references to the prior perjury indictment, he gave the Grand Jury a-curative instruction to disregard those references and stated the references were necessary "to place the professor’s testimony in context in the sense of referring him to the content of the current indictment” (emphasis supplied).
Defendant asserts that the professor’s testimony in the Grand Jury was legal advice and violated CPL 190.25 (6). Further, defendant contends that the reference to the prior perjury indictment was highly prejudicial and unjustified.
EXPERT TESTIMONY ON THE ISSUE OF MATERIALITY
As an element of the crime of perjury in the first degree, materiality is a question of fact for the jury to decide. (People v Davis, 53 NY2d 164, 170.) A statement which affects credibility is, as a matter of law, material for purposes of a perjury charge. (People v Davis, supra, at 171.) The Appellate Division, Third Department, has held that in deciding this question of fact (i.e., materiality), a trial jury may receive testimony from an expert witness on whether a statement was material to a court proceeding. (People v Fish, 81 AD2d 975.)
A Grand Jury differs in many regards from a trial jury. The relevant difference in this case is that there is a statutory mandate set forth in CPL 190.25 (6) that only the District Attorney and the court are to give legal advice to the Grand Jury. (Cf., Matter of Cooligan v Celli, 112 AD2d 789.) Accordingly, where a witness renders legal advice to a Grand Jury, the indictment should be dismissed. (See, e.g., People v Darcy, 113 Misc 2d 580.) The statute is clear that the legal advisor to the Grand Jury is the District Attorney or the court. This seems especially clear where the opinion to be given to the Grand Jury is the status of New York State law as articulated by the Court of Appeals, i.e., credibility is material.
The District Attorney argues that if there was any impropriety in having a law professor instruct the Grand Jury on a legal issue, it is harmless in that the District Attorney himself gave similar instructions to the Grand Jury and a mere duplication of legal instruction does not taint the proceeding. However, more than this occurred here. The professor not only instructed the Grand Jury on the issue of materiality but also advised the Grand Jury that in his opinion the statements *576 were material to the proceedings in which they were made. Likewise, he testified that certain statements made by the defendant went to affect his credibility. These opinions on credibility and materiality communicated to the Grand Jury the professor’s interpretation of the facts. In so doing he went beyond the role of law instructor and invaded the fact-finding province of the Grand Jury.
Furthermore, in the course of the proceedings the District Attorney made repeated reference to the fact that the People had called the professor as a witness, thus aligning the District Attorney with the professor and his testimony. Although a limiting instruction was given that the Grand Jury should give whatever weight it chose, if any, to the professor’s testimony, the District Attorney clearly and impermissibly communicated his endorsement of the witness, his legal opinion, and most importantly, his opinion as to findings of fact. (People v Batashure, 75 NY2d 306.) In so doing, the District Attorney invaded the province of the Grand Jury as the sole fact finder.
In the context of a perjury case, the District Attorney is not permitted to tell the Grand Jury whether or not he feels certain statements go to credibility or are material, because those are factual conclusions. He cannot present his surrogate to do what he is lawfully unable to do.
DISTRICT ATTORNEY’S REFERENCE TO PRIOR INDICTMENT
The reference to the prior indictment was unjustified and unnecessary since the professor could have given all his testimony referring only to the transcripts which were properly in evidence. The reference had no probative weight whatsoever.
Divulging to a Grand Jury the fact that a prior Grand Jury has voted an indictment in the same case is highly prejudicial in that there is a great risk inherent that the Grand Jury would not want to deviate from a prior Grand Jury’s findings.
The District Attorney’s limiting instructions do not cure this error. Limiting instructions are proper where the probative value of the testimony has been determined to outweigh its prejudicial effect. However, where the evidence’s prejudicial effect is great and its probative value slight, if any, limiting instructions are inadequate. (Cf., People v Allweiss, 48 NY2d 40.)
*577 DISTRICT ATTORNEY’S REFERENCE TO PROPOSEO/CURRENT INDICTMENT
The District Attorney also made repeated reference to a "proposed” indictment which was physically present in the Grand Jury room and used to examine the professor. Further on in the proceedings and before the vote, the District Attorney referred to it as the "current indictment”. The Grand Jury is the sole body empowered to judge the facts and vote an indictment. (CPL 190.05, 190.25 [5]; 190.60.) The District Attorney is the Grand Jury’s legal advisor. (CPL 190.25 [6].) For the District Attorney to refer to an indictment which is not yet voted, and for which the evidence is not yet completely presented sends a strong and unmistakable message to the Grand Jury that the District Attorney wants and expects the Grand Jury to vote the indictment. Such activity interferes with the sovereignty of the Grand Jury and violates its integrity as the exclusive judge of the facts.
EFFECT OF ERRORS ON GRAND JURY PROCEEDING
A court may dismiss an indictment upon a motion from the defendant where the Grand Jury proceedings are defective to the point where the integrity of the Grand Jury is impaired and prejudice to the defendant results. (CPL 210.20 [1] [c]; 210.35 [5].)
The cumulative effect of these errors in this Grand Jury proceeding rendered it so flawed as to be fundamentally defective and cannot be said to be fair in any sense of the word. The indictment is dismissed in all respects. The People are granted leave to re-present the matter to a new Grand Jury if they are so advised.