■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA M. LINDOW, Appellant.—Weiss, J. P. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered August 10, 1990 in Broome County, upon a verdict convicting defendant of the crime of forgery in the second degree and convicting defendant upon his plea of guilty of the crime of forgery in the second degree.

Defendant attempted to pay for an automobile purchased from Duncan Fortner with a check payable to Fortner purportedly signed by Ricky Tesar, who later denied knowing defendant or issuing the subject check. In the ensuing police investigation defendant was interviewed and, after an initial denial, made implicating statements. He was indicted for burglary in the second degree and forgery in the second degree, both relating to the Tesar check, and also indicted for forgery in the second degree involving a separate check.

County Court suppressed all statements made after defendant's initial inculpatory statement of "Okay, I took the checks," holding that defendant should have been given *Miranda* warnings at that point. He was acquitted on the burglary charge and convicted on the forgery charge regarding the Tesar check, and thereafter pleaded guilty to the forgery charge involving the other check in satisfaction of 15 other pending charges.

Defendant contends that his inculpatory statement should have been suppressed because he was the focus of an investigation by police who were required to advise him of his *Miranda* rights. We disagree. The initial police inquiry took place outside his brother's trailer and was clearly noncustodial. The applicable standard in determining whether interrogation is custodial is "what 'a reasonable man, innocent of any crime, would have thought had he been in the defendant's position' " *(People v Medvecky,* 95 AD2d 921, 921-922, quoting *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Defendant was not restrained in any manner and none of the indicia of custodial interrogation were present. Defendant incorrectly contends that his indelible right to counsel had attached because the police were aware of his arrest on unrelated charges. Questioning a suspect under noncustodial circumstances does not violate the right to counsel even where the police are aware that the suspect has counsel on a prior unrelated charge *(People v Bertolo,* 65 NY2d 111, 116; *People v Farruggia,* 61 NY2d 775, 777). Under the circumstances which prevailed here, defendant's inculpatory statement was properly held to be admissible.

Nor is there merit to defendant's conclusory contention that the sentence imposed upon him was harsh and excessive. His second felony offender status and extensive criminal background belie any argument that County Court abused its discretion in imposing sentence *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.