(April 15, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S. O'BRIEN, Appellant. [596 NYS2d 549] —Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered May 3, 1989, convicting defendant upon his plea of guilty of the crime of attempted grand larceny in the third degree.

Defendant contends on this appeal that the prison sentence of 1 to 3 years that he received was harsh and excessive. Defendant was allowed to plead guilty to the crime of attempted grand larceny in the third degree in satisfaction of a two-count indictment that included a more serious crime. In addition, the sentence imposed was less than the harshest possible. Given these facts, as well as defendant's extensive juvenile record, we find no reason to disturb the sentence imposed by County Court (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899; People v Reyes, 122 AD2d 353, lv denied 68 NY2d 917).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN D. GORDON, Appellant. [596 NYS2d 737] —Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered January 29, 1990, convicting defendant upon his plea of guilty of the crime of escape in the first degree.

Defendant's only contention on this appeal is that the sentence of 2½ to 5 years' imprisonment was harsh and excessive. Defendant was allowed to plead guilty to one count of the crime of escape in the first degree in full satisfaction of a three-count indictment. Further, defendant pleaded guilty knowing that he would receive the sentence ultimately imposed by County Court, which was less than the harshest possible sentence. On these facts, and considering defendant's criminal record, we find no basis to disturb the sentence imposed by County Court (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899; People v Du Bray, 76 AD2d 976).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.