■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY A. CURRIER, Appellant. [634 NYS2d 233] —Cardona, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 14, 1994, upon a verdict convicting defendant of the crime of criminally negligent homicide and of the traffic infraction of driving while ability impaired.

On October 16, 1992, at approximately 11:45 P.M., defendant operated an automobile which failed to negotiate a sharp curve on White Hill Road in the Town of Parishville, St. Lawrence County. It had rained earlier in the evening causing the road, which contained fallen leaves, to be wet. Upon leaving the road, the car struck two trees, the first, in a glancing manner along the car's passenger side, the second, head on. Rescue workers, using the "jaws of life", extricated defendant and his passenger, Mary Lou Smith-O'Brien, from the crushed vehicle. Smith-O'Brien died from her injuries. Responding to the accident scene, State Troopers Thomas Bryant and Frank D'Aurizio detected a strong odor of alcohol on defendant's breath and observed an open beer bottle between his legs. Later at the hospital, a blood sample was taken from defendant which, upon analysis at the State Police crime laboratory, revealed a blood alcohol content of .10%.

Defendant was indicted in a five-count indictment charging two counts of vehicular manslaughter in the second degree (Penal Law § 125.12 [2]), one count of criminally negligent homicide (Penal Law § 125.10) and two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). Following a jury trial, defendant was found guilty of criminally negligent

homicide and the traffic infraction of driving while ability impaired (hereinafter DWAI). Defendant was sentenced, as a second felony offender, to a prison term of 2 to 4 years on the conviction for criminally negligent homicide and 15 days in jail for the DWAI conviction. Defendant appeals.

Defendant contends that the trial evidence was insufficient to support the jury's verdict convicting him of criminally negligent homicide. We disagree and conclude that the evidence, viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), supported the jury's verdict. Here, the evidence established that defendant's blood alcohol content within two hours following the accident measured .08% to .10% according to defense and prosecution witnesses. The police at the accident scene detected a strong odor of alcohol on defendant's breath and he later admitted to them that he started drinking at 4:00 P.M. or 5:00 P.M. that afternoon. Additionally, the day after the accident, defendant admitted to a friend that he and Smith-O'Brien had been riding around drinking together and that he was drunk. This proof was sufficient to establish that at the time of the accident, defendant was driving the automobile while his ability was impaired by alcohol (*see,* Vehicle and Traffic Law § 1192 [1]; § 1195 [2] [c]; *People v Cruz*, 48 NY2d 419, 425, *appeal dismissed* 446 US 901). We find the evidence of defendant's impaired driving to be sufficient to establish that he engaged in criminal risk-creating culpable conduct (*see, People v Maher*, 79 NY2d 978, 980; *People v Boutin*, 75 NY2d 692, 697; *People v Heidorf*, 186 AD2d 915, 916; *see generally, People v Kral*, 198 AD2d 670, 672, *lv denied* 82 NY2d 926) that "contributed to a 'substantial and unjustifiable' risk of death" (*People v Boutin, supra*, at 697-698; *see, People v Haney*, 30 NY2d 328, 335). Furthermore, we cannot say, as a matter of law (*see, People v Maher, supra*, at 981), that the jury erred when it found that defendant's failure to perceive this risk "constitute[d] a gross deviation from the standard of care which a reasonable person would have observed under the same circumstances" (*People v Ricardo B.*, 73 NY2d 228, 235; *see,* Penal Law § 15.05 [4]; *People v Haney, supra*).

Defendant also argues that the People's conceded misuse of the subpoena process to obtain his medical records (*see, People v Natal*, 75 NY2d 379, 385, *cert denied* 498 US 862; *People v Kral, supra*) entitles him to a reversal of his convictions and dismissal of the indictment. Here, to secure defendant's hospital records, the District Attorney served a Grand Jury subpoena duces tecum returnable at his office, even though the

Grand Jury proceeding had been completed and the trial proceedings had not yet commenced. We note, however, that the People never used defendant's medical records and readily consented to their preclusion at trial. Under the circumstances, preclusion was the appropriate penalty.

We find no merit to defendant's remaining claim that his sentence was harsh or excessive. Defendant's reliance on this Court's decision in *People v Whiting* (89 AD2d 694) is misplaced. Unlike the defendant in the *Whiting* case, defendant does not have an "unblemished record" (at 695). He has several criminal convictions in addition to a prior felony conviction. County Court did not, therefore, abuse its discretion in sentencing defendant. Furthermore, we perceive no extraordinary circumstances requiring modification of the sentence in the interest of justice.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.