■ The People of the State of New York, Respondent, v Carmine Miller, Appellant. [652 NYS2d 790] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Bender, J.), rendered October 3, 1994, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

Defendant's convictions arose out of the sale of two foil-wrapped packages of cocaine to two undercover police officers on August 14, 1993. State Police Investigators Theresa Temple and Robert Patnaude, working undercover with the Community Narcotics Enforcement Team, were driving in an unmarked car when Patnaude waved to defendant. When defendant responded, Patnaude stopped the vehicle and defendant had a brief conversation with both officers. Both said they were looking for "twenties", slang for $20 worth of crack or

cocaine. Defendant then entered the back seat of the vehicle and directed them to a specific location. Leaving the vehicle, he returned shortly thereafter to direct them to a second location. Temple and Patnaude were told to wait near a park. When defendant returned approximately five minutes later, he handed two foil-wrapped packages to Temple and each officer gave him $20, with Patnaude thereafter taking one of the packets from Temple while defendant was present. When defendant left, a description of defendant was radioed to the Schenectady City Police. Backup officers Nicola Messere and Helen Reddy received the transmission and, based upon the description provided and Messere's prior contact with defendant, located and arrested him.

Indicted thereafter, defendant was tried in August 1994. The People presented the testimony of both officers who had purchased the cocaine as well as that of Messere, who had identified him thereafter. At the close of the People's case, defendant moved to dismiss the multiple counts of the indictment which charged him with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, contending that the testimony supported only one count each based upon the isolated transaction evincing only one sale. County Court dismissed the multiple counts charging possession of narcotics but declined to dismiss the counts which charged him with criminal sale, reasoning that while there appeared to be two sales, there were not two possessions.

At the charge conference, County Court advised that the updated Criminal Jury Instructions manual would be used. This prompted an unsuccessful request by defense counsel to have the court use the older version of the charge on the defense of agency since he felt that it was less confusing. Defense counsel also moved, unsuccessfully, for the inclusion of a missing witness charge pertaining to Reddy. When the court charged the jury, neither defendant nor the People noted any exceptions other than those raised during the charge conference.

During deliberations, the jury sent out several notes. The first requested copies of the charge, the law as it relates to the charge and the law as it relates to the agency defense. With both County Court and counsel agreeing that such copies could not be provided, the jury was advised that while copies were not permissible, it could be recharged in whole or in part. After a short return to deliberation, the jury sent another note

requesting the court to "read the charges again. Please read the part of the law as it relates to * * * agency defense." After discussion with counsel, it was agreed that the jury would be read the entire charge relating to the substantive crimes as well as the agency defense. After partial recharge and further deliberations, County Court received yet another note which requested, with apology, to "have the * * * agency defense read again and how it relates to the charges". Upon agreement between counsel and the court, the jury was recharged on the agency defense and the People's burden of proof. Thereafter, the jury returned with a verdict convicting defendant of all remaining counts in the indictment.

Defendant's subsequent motion to set aside the verdict was denied. He was sentenced as a second felony offender to concurrent terms of imprisonment of 5 to 10 years for each of the two counts of criminal sale of a controlled substance in the third degree, and one year in the County Jail for criminal possession of a controlled substance in the seventh degree.

Upon appeal, defendant contends, *inter alia*, that the People never presented prima facie proof of two separate sales. Upon our review of the testimony of both police officers, recounting their initial encounter with defendant, the delivery of the narcotics and the individual payment therefor, we find ample evidence presented to conclude that defendant was properly charged with two separate counts of criminal sale (*see*, Penal Law § 220.00 [1]).

As to defendant's additional challenges to the jury charge regarding the presumption of innocence and burden of proof, we note the failure to properly preserve these issues for review (*see*, CPL 470.05 [2]; *People v Montroy*, 225 AD2d 913, 914; *People v Longo*, 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906). Even as to the challenge pertaining to the agency defense, we find no error. While defendant may have preferred a different charge and while we are mindful that no precise words are required (*see*, *Victor v Nebraska*, 511 US 1), we find the charge to have adequately conveyed the defense (*see*, *People v Schiano*, 198 AD2d 820, *lv denied* 82 NY2d 930). Defendant's contention that County Court's error was compounded by its repetition of the charge each time that the jury asked for guidance was also not preserved (*see*, CPL 470.05 [2]), since the record reveals that both defendant and counsel had, at all times, agreed to such response.

Similarly unavailing is the challenge to County Court's failure to include a missing witness charge. With defendant failing to sustain his burden of demonstrating that such witness

would have provided noncumulative testimony which was favorable to him (*see, People v Kitching*, 78 NY2d 532, 536), we find the court to have appropriately exercised its discretion (*see, People v Gonzalez*, 68 NY2d 424, 427).

Finally, we find no error in the denial of defendant's motion to set aside the verdict (*see, People v Bleakley*, 69 NY2d 490). Defendant further failed to offer any evidence of extraordinary circumstances or an abuse of discretion to cause us to revisit his sentence (*see, People v Dehler*, 216 AD2d 643, *lv denied* 86 NY2d 734; *People v Longo*, 182 AD2d 1019, 1022, *supra*). Accordingly, the judgment of County Court is affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.