■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONWA I. BENEDICT, Appellant. [712 NYS2d 68] —Appeal from

a judgment of the County Court of Franklin County (Main, Jr., J.), rendered March 8, 1999, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

The record indicates that a three-count indictment was returned by a Grand Jury in May 1993 charging defendant with driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and speeding. Defendant failed to appear at the scheduled arraignment and a warrant for his arrest was issued. Thereafter, defendant, who had absconded to Canada, voluntarily contacted the District Attorney's office and arranged his surrender. Pursuant to a negotiated plea bargain, defendant ultimately pleaded guilty to a single count of driving while intoxicated in satisfaction of the indictment and in exchange for a commitment from the People not to pursue a charge of bail jumping. Defendant was sentenced to five years' probation, 45 days in jail and a $2,500 fine. His sole argument on appeal is that this sentence was harsh and excessive, a contention we cannot endorse.

A sentence within permissible statutory ranges will not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872). Here, while defendant's actions in voluntarily turning himself in and pursuing alcohol treatment are commendable, we find no reason to disturb the sentence imposed by County Court which, we note, was consistent with the recommendation of the Probation Department and justified by the facts herein.

Crew III, J. P., Carpinello, Graffeo, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.