THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN D. GALLACHER, Appellant. [718 NYS2d 769] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). We reject defendant's contention that the sentence of two weekends in jail and a fine of $1,000 is unduly harsh or severe. Deterrence is a legitimate consideration in sentencing (*see, People v Farrar,* 52 NY2d 302, 305-306), particularly in the context of imposing a sentence for driving while intoxicated, which is widely recognized as a critical societal problem. Although deterrence alone would not have justified imposition of the maximum authorized term of imprisonment (*see, People v Jensen,* 111 AD2d 986, 987; *People v Whiting,* 89 AD2d 694, 695), the sentence of two weekends in jail is not the maximum term allowed, nor is it unduly harsh or severe, particularly in view of the underage drinking (*see, People v Benedict,* 274 AD2d

750). Although the fine is the maximum amount allowed by law, there is no evidence that defendant is unable to pay the fine (*cf., People v Helm,* 260 AD2d 803), and we decline to reduce it. (Appeal from Judgment of Ontario County Court, Harvey, J.—Driving While Intoxicated.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.