■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD JOHNSON, Appellant. [874 NYS2d 552]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (DeMakos, J.), rendered October 21, 1999, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree (three counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Latella, J., on decision; O'Dwyer, J., at hearing), of those branches of the defendant's omnibus motion which were to suppress identification evidence, physical evidence, and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the police lacked probable cause to arrest him because the identified citizen informant who furnished the information leading to his arrest was apparently in police custody and thus unreliable as a matter of law is unpreserved for appellate review (*see* CPL 470.05 [2]).

The defendant's contention that a portion of the Supreme Court's charge constituted reversible error is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Miller*, 235 AD2d 568, 570 [1997]). Further, under the circumstances of this case, there was no mode-of-proceedings error with respect to the court's charge that would exempt the defendant's argument from preservation requirements (*see People v Brown*, 7 NY3d 880, 881 [2006]; *People v Agramonte*, 87 NY2d 765, 769-770 [1996]; *People v Gray*, 86 NY2d 10, 21 [1995]; *People v Patterson*, 39 NY2d 288, 295 [1976]; *People v Bonilla*, 51 AD3d 585, 585-586 [2008]). Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.