■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESENIA VEGA, Appellant. [900 NYS2d 914]—Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.) rendered July 1, 2009, convicting her of manslaughter in the second degree, vehicular manslaughter in the second degree (two counts), assault in the second degree, operating a motor vehicle while under the influence of alcohol (two counts), and failure to obey the speed limit, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived her right to appeal, and therefore does not foreclose review of her current claim (see *People v DeSimone*, 80 NY2d 273, 283 [1992]; *People v Carrion*, 65 AD3d 693 [2009]; *People v Phillips*, 28 Ad3d 939 [2006]).

Prior to imposing sentence, the County Court was aware that a lesser alternative sentence was available, pursuant to Penal Law § 70.00 (4), with respect to the sentence which the defendant was promised on her plea of guilty to assault in the second degree. Based upon the nature and circumstances of the crime, and the history and character of the defendant, the County Court providently exercised its discretion in denying the defendant's application for a one-year sentence (cf. *People v Schafer*, 19 AD3d 1133 [2005]; *People v Endresz*, 1 AD3d 888 [2003]).

The sentence imposed was not excessive, and the record

reveals no mitigating or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the exercise of our interest of justice jurisdiction (*see People v Bussey*, 67 AD3d 819 [2009]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.