# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1377**

**KA 09-00863**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RANDOLPH WATSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 12, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]) and assault in the second degree (§ 120.05 [2]), defendant contends that his statements to the police to the effect of "I'll show you the gun," made after he had invoked his right to counsel, were not spontaneous and should have been suppressed. We reject that contention. Although defendant did not specifically contend before Supreme Court that it had applied the incorrect legal standard in concluding that his statements were spontaneous and thus that his right to counsel was not thereby violated, we note that "the violation of the right to counsel may be raised for the first time on appeal" (*People v Whetstone*, 281 AD2d 904, *lv denied* 96 NY2d 909; *see People v Sierra*, 85 AD3d 1659, 1660). Nevertheless, "we conclude that the statements were spontaneous inasmuch as 'they were in no way the product of an interrogation environment [or] the result of express questioning or its functional equivalent' " (*Sierra*, 85 AD3d at 1660, quoting *People v Harris*, 57 NY2d 335, 342, *cert denied* 460 US 1047 [internal quotation marks omitted]; *see People v Rivers*, 56 NY2d 476, 479-480, *rearg denied* 57 NY2d 775). Thus, the court properly refused to suppress defendant's statements based on the alleged violation of his right to counsel (*see People v Cascio*, 79 AD3d 1809, 1811, *lv denied* 16 NY3d 893).

Defendant further contends that his consent to the search that

yielded the gun and ammunition was invalid because it was provided in the absence of counsel, and thus that the search was unlawful. Even assuming, arguendo, that we agree with defendant, we nevertheless conclude that the error is harmless. Indeed, there is no reasonable possibility that the constitutional error in failing to suppress the gun and the ammunition might have contributed to the conviction, and thus the error is harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237). In view of our determination, we do not reach defendant's further related contention that the doctrine of inevitable discovery is inapplicable.

Defendant failed to preserve for our review his contentions that the police lacked probable cause to arrest him and that his statements, the gun, and the ammunition should have been suppressed as the product of an unlawful arrest (*see People v Johnson*, 60 AD3d 695, *lv denied* 12 NY3d 916; *People v Johnson*, 52 AD3d 1286, 1287, *lv denied* 11 NY3d 738; *People v Hyla*, 291 AD2d 928, *lv denied* 98 NY2d 652). Defendant also failed to preserve for our review his contention that the suppression hearing testimony of the police officers was patently tailored to nullify constitutional objections and was incredible as a matter of law (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

To the extent that defendant contends that defense counsel was ineffective for failing to raise the issues of probable cause for his arrest and the credibility of the police officers' testimony at the suppression hearing, we reject that contention because "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v McGee*, 87 AD3d 1400, 1403; *People v Biro*, 85 AD3d 1570, 1572).

Contrary to defendant's contention, his sentence of a determinate term of imprisonment of six years with five years of postrelease supervision for his conviction of criminal possession of a weapon in the second degree is not unduly harsh or severe. Finally, we reject defendant's contention that the imposition of a $5,000 fine was unduly harsh and severe or an abuse of discretion. "Supreme Court did not abuse its discretion in imposing a fine to impress upon defendant the severity of his conduct" (*People v McKenzie*, 28 AD3d 942, 943, *lv denied* 7 NY3d 759). Further, it appears from the record before us that defendant has the resources to pay a substantial portion of the fine, despite the appointment of assigned counsel to represent him (*cf. People v Gemboys*, 270 AD2d 847, 848; *People v Helm*, 260 AD2d 803).

Entered:  December 30, 2011                 Frances E. Cafarell
                                            Clerk of the Court