The People of the State of New York, Respondent,
against
Jose Perez-Vazquez, Appellant.




Appellate Advocates, Elizabeth Budnitz, Esq., for appellant.
District Attorney Kings County, Leonard Joblove, Esq., for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Kings County (Michael J. Yavinsky, J.), imposed April 6, 2015, upon his conviction of driving while intoxicated (per se), upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant, while represented by counsel, pleaded guilty to driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]). By virtue of his plea, defendant avoided prosecution for other, equally serious offenses, including a charge based on defendant's blood alcohol content of .213 of one per centum by weight (see Vehicle and Traffic Law § 1192 [2-a] [a]), and, notwithstanding a prior conviction for a Vehicle and Traffic Law § 1192 offense, defendant received the bargained-for sentence of three years' probation and the minimum fine. On appeal, defendant seeks a reduction of the term of probation on the ground that three years' probation is unduly harsh or excessive (see CPL 470.15 [6] [b]), or as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), citing his age, his domestic and employment stability, the relative absence of a criminal record, his remorse, and the unlikeliness of a repeat offense.
"As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Caguana, 69 AD3d 953 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Grigg, 53 AD3d 629 [2008])" (People v Bacchus, 52 Misc 3d 140[A], 2016 NY Slip Op 51168[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; see also People v Black, 52 Misc 3d 136[A], 2016 NY Slip Op 51052[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). While this court retains the authority to modify a bargained-for sentence that does not represent an abuse of sentencing discretion (see CPL 470.15 [3] [c]; People v Suitte, 90 AD2d 80, 86 [1982]; see also People v Farrar, 52 NY2d 302, 305 [1981]), such authority is applied only upon a showing of "mitigating or extraordinary circumstances" (People v Vega, 73 AD3d 1218, 1219 [2010]; see e.g. People v Suitte, 90 AD2d at 86). The record does not establish the presence of mitigating or extraordinary circumstances that would justify the reduction of defendant's sentence of probation [*2]from three years to two years.
Accordingly, the sentence is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 12, 2017