The People of the State of New York, Respondent,
against
Romel Hernandez, Appellant.




Appellate Advocates (Bryan D. Kreykes, Esq.), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart, Alexander Fumelli of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), imposed May 18, 2015, upon his conviction of driving while intoxicated per se, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant, while represented by counsel, pleaded guilty to driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]). By virtue of his plea, defendant avoided prosecution for other serious offenses. Defendant received the bargained-for sentence of a conditional discharge and a $1,000 fine. On appeal, defendant seeks a reduction of the fine on the ground that it is unduly harsh or excessive (see CPL 470.15 [6] [b]), or as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), citing the fact that the court waived the fee for an ignition interlock device and the fact that defendant had been released on his own recognizance at arraignment.
"As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Caguana, 69 AD3d 953 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Grigg, 53 AD3d 629 [*2][2008])" (People v Perez-Vazquez, 55 Misc 3d 135[A], 2017 NY Slip Op 50485[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see People v Bacchus, 52 Misc 3d 140[A], 2016 NY Slip Op 51168[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Nevertheless, this court retains the authority to modify a bargained-for sentence (see CPL 470.15 [3] [c]; People v Suitte, 90 AD2d 80, 86 [1982]; see also People v Farrar, 52 NY2d 302, 305 [1981]). Here, however, the avoidance of possible conviction and sentencing for numerous other offenses, defendant's blood alcohol content, which was nearly three times the legal limit, and the absence of any term of incarceration militate against the reduction of the fine (see People v Sasson, 47 Misc 3d 147[A], 2015 NY Slip Op 50737[U], *1 [App Term, 1st Dept 2015]; see also People v Benedict, 274 AD2d 750 [2000]; People v Bluteau, 271 AD2d 761 [2000]).
Accordingly, the sentence is affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017