The People of the State of New York, Respondent, 


v 


Hannah T. Ellsworth, Appellant.

New York City Legal Aid Society (Joanne Legano Ross, Esq.), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Jonathan K. Yi of counsel), for respondent.

Appeal by defendant, as limited by her brief, from sentences of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), imposed May 6, 2015, upon her convictions of disorderly conduct and speeding, upon her pleas of guilty.




ORDERED that the sentences are affirmed.
On February 8, 2015, the People charged defendant, in an information, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and speeding (Vehicle and Traffic Law § 1180 [d]). The accusatory instrument alleged, essentially, that after being stopped on the Long Island Expressway for traveling 75 miles per hour in a 50 miles-per-hour speed zone, defendant exhibited several physical indicia of alcohol intoxication and admitted that she had consumed three beers. A chemical test of her blood alcohol content produced a reading of .10 of one per centum by weight.
On May 6, 2015, defendant appeared with her counsel before Criminal Court Judge Ernest F. Hart, and, pursuant to a negotiated plea and sentencing agreement, pleaded guilty to disorderly conduct (Penal Law § 240.20) and speeding, in satisfaction of the information, with the understanding that she would be sentenced to, among other things, a $250 fine on the disorderly conduct conviction and a $75 fine on the speeding conviction. Defendant was sentenced accordingly.
Defendant now seeks relief from the fines on the ground of indigence, citing the fact that she was represented in the trial court by assigned counsel. 
There is no dispute that defendant, assisted by counsel, was sentenced according to the express terms of a highly favorable negotiated plea and sentencing agreement (see People v Farrar, 52 NY2d 302, 307 [1981] ["(T)he sentence bargain' is a legitimate part of the plea bargaining process"]). Such circumstances normally preclude claims that the sentences are unduly harsh or excessive (see People v Galvez, 72 AD3d 838, 838 [2010] ["The defendant pleaded guilty with the full understanding that he would receive the sentence actually imposed and, therefore, he has no basis now to complain that the sentence imposed is excessive"]; People v Kazepis, 101 AD2d 816 [1984] [same]; see also People v Ubiles, 59 AD3d 572 [2009]; People v Colin, 56 Misc 3d 141[A], 2017 NY Slip Op 51119[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Although this court retains the authority to modify sentences in the interest of justice (see CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783 [1992]; People v Perez-Vazquez, 55 Misc 3d 135[A], 2017 NY Slip Op 50485[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), the record does not establish the presence of "mitigating or extraordinary circumstances" that would justify the partial or complete vacatur of the fines (People v Vega, 73 AD3d 1218, 1219 [2010]; see e.g. People v Jackson, 49 Misc 3d 134[A], 2015 NY Slip Op 51464[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). The fact that defendant was represented by assigned counsel is insufficient, standing alone, to merit the inference that she is unable to pay the fines (see People v Watson, 90 AD3d 1666, 1668 [2011]; People v Onyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Consequently, we find no basis to disturb the sentences.
The determination herein is without prejudice to defendant moving in the Criminal Court, if she be so advised, for relief from the fines (see CPL 420.10 [5]; e.g. People v Toledo, 101 AD3d 571 [2012]; People v Perez, 56 Misc 3d 126[A], 2017 NY Slip Op 50795[U] [App Term, 1st Dept 2017]; People v Ricchiuti, 55 Misc 3d 148[A], 2017 NY Slip Op 50712[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
Accordingly, the sentences are affirmed. 
SOLOMON, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017