The People of the State of New York, Respondent,
against
Carmelo Rosendo, Appellant.




Appellate Advocates (Ronald Zapata of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), imposed July 6, 2016, upon his conviction of driving while intoxicated per se, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Following his arraignment on an accusatory instrument charging him with aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]), driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), and driving without a license (Vehicle and Traffic Law § 509 [1]), defendant pleaded guilty to driving while intoxicated per se and was sentenced to, among other things, a $1,000 fine. On appeal, defendant contends that the fine was excessive and should be reduced to $500 because he is indigent, as evidenced by the fact that he had been assigned counsel.
Defendant, who was assisted by his assigned counsel, was sentenced according to the express terms of a favorable negotiated plea and sentencing agreement (see People v Farrar, 52 NY2d 302, 307 [1981] ["the 'sentence bargain' is a legitimate part of the plea bargaining process"]) involving the disposition of several charges. As a general rule, a defendant who has [*2]been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Garcia, 59 Misc 3d 134[A], 2018 NY Slip Op 50492[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Bacchus, 52 Misc 3d 140[A], 2016 NY Slip Op 51168[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Jackson, 49 Misc 3d 134[A], 2015 NY Slip Op 51464[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Pursuant to CPL 470.15 (3) (c), this court has the authority to modify, in the interest of justice, defendant's bargained-for sentence (see also CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783 [1992]; People v Garcia, 59 Misc 3d 134[A], 2018 NY Slip Op 50492[U]; People v Perez-Vazquez, 55 Misc 3d 135[A], 2017 NY Slip Op 50485[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Such authority, however, is exercised only upon a showing of "mitigating or extraordinary circumstances" (People v Vega, 73 AD3d 1218, 1219 [2010]; see also People v Garcia, 59 Misc 3d 134[A], 2018 NY Slip Op 50492[U]; People v Jackson, 49 Misc 3d 134[A], 2015 NY Slip Op 51464[U]), which has not been demonstrated in the case at bar. The fact that defendant was represented by assigned counsel is insufficient, standing alone, to support the inference that he is unable to pay the fine in its entirety (see e.g. People v Watson, 90 AD3d 1666, 1668 [2011]; People v Garcia, 59 Misc 3d 134[A], 2018 NY Slip Op 50492[U]; People v Ellsworth, 57 Misc 3d 157[A], 2017 NY Slip Op 51660[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
Our determination is without prejudice to defendant moving in the Criminal Court, if he be so advised, for relief from the fine (see CPL 420.10 [5]; People v Toledo, 101 AD3d 571 [2012]; People v Garcia, 59 Misc 3d 134[A], 2018 NY Slip Op 50492[U]; People v Ellsworth, 57 Misc 3d 157[A], 2017 NY Slip Op 51660[U]).
Accordingly, the sentence is affirmed.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018