The People of the State of New York, Respondent,
against
Diayson Baride, Appellant.




New York City Legal Aid Society (Joanne Legano Ross of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kayonia Whetstone of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Queens County (Suzanne J. Melendez, J.), imposed January 14, 2016, upon his conviction of trademark counterfeiting in the third degree and two counts of disorderly conduct, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant, while represented by counsel, pleaded guilty to two uncharged counts of disorderly conduct (Penal Law § 240.20 [2]) and the charged count of trademark counterfeiting in the third degree (Penal Law § 165.71) in satisfaction of an accusatory instrument that also had originally charged him with trademark counterfeiting in the second degree (Penal Law § 165.72), manufacture or sale of an unauthorized recording of a performance in the first degree (Penal Law § 275.20), and failure to disclose the origin of a recording in the second degree (Penal Law § 275.35). In accordance with the terms of the plea agreement, defendant was sentenced to a conditional discharge and to pay a fine of $1,000 for the conviction of trademark counterfeiting in the third degree and $250 for each of the disorderly conduct convictions. On appeal, defendant contends that, based on his indigency, his sentence was excessive.
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was [*2]unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Oneyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Jackson, 49 Misc 3d 134[A], 2015 NY Slip Op 51464[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Under the circumstances presented, we find no basis to deviate from that rule. The sentence imposed did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; People v Oneyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U]). Moreover, there is nothing in the record to indicate that defendant lacked the resources to pay the fines, despite the appointment of assigned counsel to represent him (see People v Watson, 90 AD3d 1666 [2011]; People v Gallacher, 278 AD2d 935 [2000]; People v Garcia, 59 Misc 3d 134[A], 2018 NY Slip Op 50492[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Ellsworth, 57 Misc 3d 157[A], 2017 NY Slip Op 51660[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Jackson, 49 Misc 3d 134[A], 2015 NY Slip Op 51464[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. People v Helm, 260 AD2d 803 [1999]), and, indeed, defendant has paid the fines (see Oneyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U]).
Accordingly, the sentence is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019