The People of the State of New York, Respondent,
against
Zhao Z. Wu, Appellant.




Langone & Associates, PLLC (Richard M. Langone of counsel), for appellant.
Nassau County District Attorney (Tammy J. Smiley and Brian Witthuhn of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Eric Bjorneby, J.), rendered May 31, 2017. The judgment convicted defendant, after a nonjury trial, of forcible touching, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with forcible touching (Penal Law § 130.52 [1]). At a nonjury trial, the complainant's testimony established that while she had been at defendant's nail salon for a manicure and pedicure, defendant had given her a complimentary massage, during which defendant had repeatedly grabbed her breasts underneath her bra. A video recording of the incident, taken from a position above and behind the seated complainant, was admitted into evidence. Defendant testified that he had never touched the victim's breasts during the massage. The District Court found defendant guilty as charged and sentenced defendant to 30 days' incarceration and six years' probation.
On appeal, defendant contends that the evidence was legally insufficient to establish his guilt of forcible touching beyond a reasonable doubt because (1) the victim's testimony was unreliable and should have been disregarded as a matter of law; (2) the victim had impliedly consented to having her breasts massaged; and (3) there was no proof that he had intended to commit a forcible touching. Defendant further contends that the verdict was against the weight of the evidence. In addition, defendant asserts that the sentence imposed was harsh and excessive, and should be modified.
Defendant's contention regarding the legal insufficiency of the evidence is not preserved for appellate review, since defense counsel made only a general motion for a trial order of dismissal (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt of forcible touching (Penal Law § 130.52 [1]) beyond a reasonable doubt. In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor. Upon a review of the record, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Under the circumstances presented, we find that the sentence imposed was neither harsh nor excessive as it did not constitute an abuse of the court's sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 30, 2019