The People of the State of New York, Respondent,
against
Dai Ma, Appellant.




Appellate Advocates (Anders S. Nelson of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Danielle S. Fenn of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Queens County (Dorothy Chin Brandt, J.), imposed October 3, 2016, upon his conviction of unauthorized use of a vehicle in the third degree, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant was charged in a felony complaint with criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]) and unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). After the felony count was dismissed, defendant, while represented by counsel, pleaded guilty to unauthorized use of a vehicle in the third degree. Thereafter, in accordance with the terms of the plea agreement, and based upon the recommendation contained in defendant's presentence report, the court imposed a split sentence of 60 days' incarceration combined with three years' probation. On appeal, defendant contends that his sentence was excessive and, given his lack of a prior criminal record, should be reduced in the interest of justice to a sentence solely of 60 days' incarceration, which he has already served.
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Oneyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Rosario, 47 Misc 3d 141[A], 2015 NY Slip Op 50622[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Under the circumstances presented, we find no basis to deviate from that rule. The sentence imposed did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Farrar, 52 NY2d 302 [1981]; [*2]People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; People v Oneyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U]).
Accordingly, the sentence is affirmed.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2019