The People of the State of New York, Respondent,
against
Lamonte Datcher, Appellant.




Appellate Advocates (Benjamin S. Litman. Of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Anastasia Spanakos of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Queens County (John Zoll, J.), imposed January 21, 2016, upon his conviction of assault in the third degree, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant was charged in a misdemeanor complaint with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). While represented by counsel, defendant pleaded guilty to assault in the third degree. Thereafter, in accordance with the terms of the plea agreement, and based upon the recommendation contained in defendant's presentence report, the court imposed a split sentence of 10 days' incarceration combined with three years' probation. On appeal, defendant contends that his sentence was excessive given the nature of the offense, which is different from defendant's criminal history of mostly drug-related convictions, and defendant's efforts to a live law-abiding life in the years after his last conviction in 2008.
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Oneyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Rosario, 47 Misc 3d 141[A], 2015 NY Slip Op 50622[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Under the circumstances presented, we find no basis to deviate from that rule. The sentence imposed did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not [*2]demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; Oneyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U]).
Accordingly, the sentence is affirmed.
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 28, 2019