People v Vancol (2020 NY Slip Op 51223(U))

[*1]

People v Vancol (Jean)

2020 NY Slip Op 51223(U) [69 Misc 3d 133(A)]

Decided on October 9, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 9, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2017-1269 K CR

The People of the State of New York,
Respondent, 
against
Jean Vancol, Appellant. 

Appellate Advocates (Joshua M. Levine of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Amy Appelbaum of counsel), for
respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the
City of New York, Kings County (Michael J. Yavinsky, J.), imposed May 18, 2017, upon his
conviction of aggravated unlicensed operation of a motor vehicle in the third degree, upon his
plea of guilty.

ORDERED that the sentence affirmed.
Defendant was charged in an information with, among other things, aggravated unlicensed
operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]).
While represented by counsel, defendant pleaded guilty to aggravated unlicensed operation of a
motor vehicle in the third degree in satisfaction of the accusatory instrument. In accordance with
the terms of the plea agreement, defendant was sentenced to pay a $250 fine or a 10-day jail
alternative for nonpayment of the fine.
On appeal, defendant contends that the fact that he was represented by assigned counsel in
the Criminal Court and now again on appeal establishes his indigency and, thus, the imposition
of a fine in the sum of $250 was excessive and should be reduced to the statutory [*2]minimum of $200.
As a general rule, a defendant who has been sentenced according to the terms of a
bargained-for plea and sentencing agreement will not be heard to complain that the sentence was
unduly harsh or excessive (see People v
Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Silverio, 63 Misc 3d
139[A], 2019 NY Slip Op 50571[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; People v Chunicarchi, 62 Misc 3d 139[A], 2019 NY Slip Op 50054[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Onyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op
51100[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Defendant's claim that the
fact that he has been represented by assigned counsel establishes his indigency is insufficient,
standing alone, to merit the inference that he is unable to pay the fine (see People v Watson, 90 AD3d
1666, 1668 [2011] [reduction of fine denied because the record failed to establish that the
defendant lacked "the resources to pay . . . the fine, despite the appointment of assigned counsel
to represent him"]; People v Gallacher, 278 AD2d 935, 936 [2000] ["Although the fine is
the maximum amount allowed by law, there is no evidence that defendant is unable to pay the
fine"]; People v Garcia, 59 Misc 3d
134[A], 2018 NY Slip Op 50492[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]; People v Ellsworth, 57 Misc
3d 157[A], 2017 NY Slip Op 51660[U] [App Term, 2d Dept, 2d Dept, 2d, 11th & 13th
Jud Dists 2017]; Onyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U] [there was
nothing in the record to indicate that the defendant lacked the resources to pay the fine, despite
the appointment of assigned counsel to represent him]; People v Jackson, 49 Misc 3d 134[A], 2015 NY Slip Op 51464[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. People v Helm, 260
AD2d 803, 803 [1999] ["Inasmuch as there is no dispute that defendant is indigent and qualified
for assigned counsel, a situation that the People assure us is only possible in Franklin County for
persons with incomes at or below the poverty level, we conclude that a reduction in the fine to
the minimum permissible amount of $1,000 is appropriate under the circumstances presented
here"]). 
Under the circumstances presented, we find no basis to deviate from the general rule. The
sentence imposed did not constitute an abuse of sentencing discretion or a failure to observe
sentencing principles, and defendant has not demonstrated the existence of mitigating or
extraordinary circumstances warranting a modification of the sentence in the interest of justice
(see People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90
AD2d 80 [1982]; People v
Onyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U]). Rather, defendant was
sentenced according to the express terms of a favorable negotiated plea and sentencing agreement
(see People v Farrar, 52 NY2d at 307 ["the 'sentence bargain' is a legitimate part of the
plea bargaining process"]).
Accordingly, the sentence is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 9, 2020