People v Lopez (2021 NY Slip Op 50636(U))

[*1]

People v Lopez (Jose)

2021 NY Slip Op 50636(U) [72 Misc 3d 130(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2018-2444 K CR

The People of the State of New York,
Respondent,
against
Jose Lopez, Appellant. 

Appellate Advocates (Mark W. Vorkink of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Amy Appelbaum and Daniel Berman of
counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the
City of New York, Kings County (Michael J. Yavinsky, J.), imposed November 5, 2018, upon
his conviction of assault in the third degree, upon his plea of guilty.

ORDERED that the sentence is affirmed.
Pursuant to a plea and sentencing agreement, defendant pleaded guilty to assault in the third
degree (Penal Law § 120.00 [1]) and was sentenced to a three-year term of probation.
Defendant's sole contention on appeal is that his sentence is excessive and, in the interest of
justice, the term of his probation should be reduced because it was his first arrest, the
complainant did not require medical treatment, and defendant was intoxicated at the time of the
incident.
Generally, a defendant who has been sentenced according to the terms of a bargained-for
plea and sentencing agreement "has no basis to now complain that his sentence was excessive"
(People v Kazepis, 101 AD2d 816, 817 [1984]; see also People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572
[2009]; People v Datcher, 64 Misc
3d 134[A], 2019 NY Slip Op 51095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; People v Vargas, 60 Misc 3d
131[A], 2018 NY Slip Op 51000[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). Under the circumstances presented, we find no basis to deviate from this rule. Defendant
has not demonstrated the existence of mitigating or extraordinary circumstances warranting a
[*2]modification of the sentence in the interest of justice (see
People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90
AD2d 80 [1982]; People v Datcher,
64 Misc 3d 134[A], 2019 NY Slip Op 51095[U]).
Accordingly, the sentence is affirmed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021