People v Posada (2022 NY Slip Op 50924(U))

[*1]

People v Posada (Irving)

2022 NY Slip Op 50924(U) [76 Misc 3d 133(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2018-1047 Q CR

The People of the State of New York,
Respondent,
against
Irving Posada, Appellant. 

Appellate Advocates (Sean Nuttall of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Sharon Y. Brodt and Josette Simmons
McGhee of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Michelle A. Johnson, J.), rendered April 12, 2018. The judgment, insofar as appealed from as
limited by the brief, upon convicting defendant, upon his plea of guilty, of reckless endangerment
in the second degree, imposed sentence.

ORDERED that the judgment of conviction, insofar as appealed from, is affirmed.
Defendant pleaded guilty to the charged offense of reckless endangerment in the second
degree (Penal Law § 120.20) in satisfaction of an accusatory instrument charging him with
two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and other
Vehicle and Traffic Law offenses. In accordance with the terms of the plea agreement, defendant
was sentenced, among other things, to pay a $500 fine.
On appeal, defendant's sole contention [FN1]
is that the $500 fine was excessive in that it "was [*2]greater than
necessary to punish" defendant and because he is indigent.
As a general rule, a defendant who has been sentenced according to the terms of a
bargained-for plea and sentencing agreement will not be heard to complain that the sentence was
unduly harsh or excessive (see People v
Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Vancol, 69 Misc 3d
133[A], 2020 NY Slip Op 51223[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]; People v Silverio, 63 Misc
3d 139[A], 2019 NY Slip Op 50571[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; People v Chunicarchi, 62 Misc 3d 139[A], 2019 NY Slip Op 50054[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Onyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op
51100[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Defendant's conclusory
claim that he is indigent is insufficient, standing alone, to merit the inference that he is unable to
pay the fine (see People v Watson,
90 AD3d 1666, 1668 [2011] [reduction of fine denied because the record failed to establish
that the defendant lacked "the resources to pay . . . the fine, despite the appointment of assigned
counsel to represent him"]; People v Gallacher, 278 AD2d 935, 936 [2000] ["Although
the fine is the maximum amount allowed by law, there is no evidence that defendant is unable to
pay the fine"]; People v Garcia, 59
Misc 3d 134[A], 2018 NY Slip Op 50492[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2018]; People v Ellsworth, 57
Misc 3d 157[A], 2017 NY Slip Op 51660[U] [App Term, 2d Dept, 2d Dept, 2d, 11th &
13th Jud Dists 2017]; Onyeukwu, 2017 NY Slip Op 51100[U] [there was nothing in the
record to indicate that the defendant lacked the resources to pay the fine, despite the appointment
of assigned counsel to represent him]; People v Jackson, 49 Misc 3d 134[A], 2015 NY Slip Op 51464[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. People v Helm, 260
AD2d 803, 803 [1999] ["Inasmuch as there is no dispute that defendant is indigent and qualified
for assigned counsel, a situation that the People assure us is only possible in Franklin County for
persons with incomes at or below the poverty level, we conclude that a reduction in the fine to
the minimum permissible amount of $1,000 is appropriate under the circumstances presented
here"]).
Here, we find no basis to deviate from the general rule. The fine imposed was well within the
permissible statutory range, and defendant has failed to demonstrate the existence of any
circumstances warranting a modification of the sentence in the interest of justice (see People
v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90
AD2d 80 [1982]; Onyeukwu, 2017 NY Slip Op 51100[U]).
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022

Footnotes

Footnote 1: Defendant had initially raised a
second contention as Point I in his brief concerning an alleged denial of his right to a speedy trial.
However, defendant moved to withdraw that point, which motion was granted by decision and
order on motion of this court dated July 6, 2022.