People v Davis (2023 NY Slip Op 01393)

People v Davis

2023 NY Slip Op 01393

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

118 KA 19-00251

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS L. DAVIS, JR., DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER, EASTON THOMPSON KASPEREK SHIFFRIN LLP (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 4, 2019. The judgment convicted defendant upon a jury verdict of burglary in the second degree, assault in the third degree (two counts) and criminal obstruction of breathing or blood circulation. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of assault in the third degree under count four of the indictment and dismissing that count, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal obstruction of breathing or blood circulation (§ 121.11 [a]), and two counts of assault in the third degree (§ 120.00 [1]), defendant contends that Supreme Court erred in refusing to suppress a statement that defendant made to law enforcement officers subsequent to earlier statements that were suppressed by the court. He also contends that the verdict is against the weight of the evidence.
We reject defendant's contention that the court erred in refusing to suppress the challenged statement, which was made during booking and occurred hours after defendant had invoked his right to counsel. The court properly determined that defendant's statement was "spontaneous and 'not the result of inducement, provocation, encouragement or acquiescence' " by law enforcement (People v Bumpars, 178 AD3d 1379, 1380 [4th Dept 2019], lv denied 36 NY3d 1055 [2021], quoting People v Maerling, 46 NY2d 289, 302-303 [1978]; see People v Watson, 90 AD3d 1666, 1666-1667 [4th Dept 2011], lv denied 19 NY3d 868 [2012]; People v Fuller, 70 AD3d 1391, 1391-1392 [4th Dept 2010], lv denied 14 NY3d 840 [2010]).
With respect to defendant's contention regarding the weight of the evidence, viewing the evidence in light of the elements of the crimes of which defendant was convicted as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to counts two, three, and five of the indictment is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that the verdict with respect to count four, charging defendant with assault in the third degree, is against the weight of the evidence. In count four, which arose from the same incident as the other counts, defendant was alleged to have caused physical injury to the victim's face or chin. We conclude that the People failed to present evidence establishing beyond a reasonable doubt that the victim sustained such a physical injury (see People v Smith [appeal No. 1], 186 AD3d 1106, 1108 [4th Dept 2020]; People v Gibson, 134 AD3d 1512, 1513-1514 [4th Dept 2015], lv denied 27 NY3d 1151 [2016]; see generally Penal Law § 120.00 [1]). We thus modify the judgment by reversing that part convicting defendant of assault in the third degree under count four of the indictment and dismissing that count of the indictment.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court